IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT LAWRENCE PIPKIN,

    Petitioner,

v.                                                      Civ. No. 20-848 RB/SCY

RICK MARTINEZ, Warden, et al.,

    Respondents.

## ORDER ADOPTING PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner Robert Lawrence Pipkin's Motion Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) The Court referred this matter to Magistrate Judge Steven C. Yarbrough, and on August 4, 2021, Judge Yarbrough entered a Proposed Findings and Recommended Disposition (PFRD). (Doc. 10.) Judge Yarbrough recommends dismissing Pipkin's petition on all three grounds raised (ineffective assistance of counsel, prosecutorial misconduct, and denial of lawyer at a critical proceeding). (*Id.*) Likewise, Judge Yarbrough recommends that the Court need not hold an evidentiary hearing because "Pipkin present[ed] no specific and particularized factual allegations that would entitle him to habeas relief," and as such, the matter can be resolved on the record. (*Id.* at 22–23.) Pipkin timely filed objections to the PFRD (Doc. 11) and this review follows. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

1

Pipkin objects to the recommendations as to grounds one and two (ineffective assistance of counsel and prosecutorial misconduct), but not ground three (denial of lawyer at a critical proceeding). (Doc. 11 at 1.) As to grounds one and two, Pipkin explains that

> I misunderstood the fact that on the state habeas I needed to present evidence with the habeas requested. Also, in the Fed. hab it says not to argue or site case law, so again, I didn't present evidence. I do have evidence that proves my claims and ask the court to let me present it – then decide if it warrants an evidentiary hearing or dismissal.

(*Id.*) Indeed, the form "Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" instructs the petitioner not to "argue or cite law[; j]ust state the specific facts that support your claims." (*See, e.g.*, Doc. 1 at 5.) Although Pipkin was not required to cite case law, he was required to state facts supporting his claims in order to meet his heavy burden under § 2254 of establishing that the state court's decision was contrary to or an unreasonable application of clearly established federal law. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Judge Yarbrough recommends finding that Pipkin did not present sufficient facts to meet his burden, and on de novo review, the Court agrees.

To the extent Pipkin wishes to present new information and arguments in his objections that he previously did not present in his habeas petition, any such issues are deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (same). Further, Pipkin makes no specific objections to the PFRD which warrant this Court's review. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 10) is ADOPTED and Pipkin's Objections (Doc. 11) are OVERRULED;

2. Pipkin's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Doc. 1) is DENIED and this case is DISMISSED;

3. A certificate of appealability is DENIED**;**

4. A final order is entered concurrently herewith.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE